## DAVID LAKE v. E. H. DILLARD.

MARRIED WOMAN. *When her estate bound for plantation supplies.*
　Where supplies, purchased by either the husband or the wife, are used on the plantation cultivated by the wife, whether the same belongs to her in fee-simple or otherwise, or is merely occupied by her for a term of one or more years, her separate estate is liable for the debt contracted for such supplies.

ERROR to the Circuit Court of Monroe County.

Hon. J. A. GREEN, Judge.

A statement of the case will be found in the opinion of the court.

*Murphy, Sykes & Bristow*, for the plaintiff in error.

The verdict in this case is against justice, equity, and reason, in the face of clear, unequivocal, unopposed evidence, is supported by nothing, and was an unquestionable surprise to the defendant in error. "If the verdict be against the weight.

of evidence, especially if the justice and equity of the case is not with the verdict, it will be set aside." Gra. & Wat. on New Tr. 367, 368. Where the jury find greatly against the preponderance of evidence, the courts will reverse the judgment and grant a new trial. *Sims* v. *McIntyre*, 8 Smed. & M. 324. The principles governing the courts in granting new trials on the facts have been reviewed by this court in *Dulaney* v. *Rankin*, 47 Miss. 391–393, and in *Heron* v. *Bondurant*, 45 Miss. 683.

*Joel M. Acker*, for the defendant in error.

Did the defendant in error have any authority, under the statute, to rent a farm and engage in farming, and bind her separate estate for supplies therefor? That she said she would pay the debt amounts to nothing. Being a married woman, she could not even bind herself by her promissory note. The question is, How was the debt contracted? For what purpose? What was the consideration? Was it for something for which she could bind her separate property? Section 1780 of the Code of 1871 provides that "all contracts, etc., for supplies for the plantation of the wife may be enforced, and satisfaction had out of her separate property." Here it will be observed that the law contemplates that the wife shall have a plantation. She can make no valid contract except such as is authorized by statute. 44 Miss. 430.

SIMRALL, C. J., delivered the opinion of the court.

The plaintiff in error sued Mrs. Dillard, a married woman, for supplies sold for the use of her plantation. The verdict and judgment were for the defendant. The case is before us for review of the decision of the court below, refusing to set aside the verdict and grant a new trial.

It is alleged in this court that the verdict is manifestly against the evidence.

The plaintiff testified that the account was correct; that the goods were purchased by Mr. Dillard, the husband, to be used

on the farm.   Witness presented the account to the defendant, who said it was just and correct, and used on the farm *rented by* her, and she would pay it.   " The items were used on her place, and she would pay it " (the account).

I. A. Morton, another witness, proved that Mrs. Dillard, the defendant, placed twenty-three bales of cotton in his warehouse at Aberdeen, twelve bales marked in her name, and the balance in the name of her minor son ; and that but one farm was worked by the Dillard family in 1875.

H. Murphy testified that he heard Mrs. Dillard say that the mules used in making the crop were hers, and that she refused on the trial before the justice of the peace to " state what she did with the cotton money."   She paid the rent for the year 1875.

It was quite satisfactorily proved that the goods bought by the husband were used on the plantation rented by the wife in 1875, and they were of the sort (" meal," " corn," etc.) embraced in the statute (Code, sec. 1780) under the word " supplies " for the plantation.   The finding of the jury was, therefore, manifestly wrong, unless the wife could not acquire a plantation by a lease of one or more years, and make her separate estate liable for debts contracted in the production of the crop or crops.

Under the section referred to, the husband and wife jointly, or " either of them," may purchase supplies for the plantation ; and debts thus contracted may be enforced against the wife's separate estate.

Perhaps the court below may have been of opinion that the wife could not lease a plantation, and cultivate it, on her own account, and, therefore, could not incur a debt for supplies.

We think the true meaning of the law is that those who sell " supplies " used by a married woman in the cultivation of a farm are not obliged to inquire whether she holds the property in fee or for a term of years.   If they know as a fact that she is cultivating a farm as a separate estate, and sell supplies on a credit, to herself or her husband, she cannot shelter her-

self from responsibility on the plea that she had no capacity to rent land. A married woman can purchase real estate, but she cannot defend a demand for "plantation supplies" on the plea that she bought on a credit, and could not make herself liable for the purchase-money. That is a question between herself and her vendor. All that the merchant is required to know is that she was actually cultivating the farm as her separate estate. He has no concern with the title under which she claims. If the title, whatever it is, protects her occupancy, then it is "her plantation," within the intendment of the statute, so as to uphold contracts for supplies used in the production of crops.

It would have been wholly unwarranted to have inferred that the corn and meal may have been bought by the husband as stock for his store. The testimony proves a different use of them.

It is unnecessary to analyze the instructions.

Judgment reversed, and a *venire facias de novo* awarded.